IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00871-KLM

BRADLEY D. OASTER,

    Plaintiff,

v.

STANLEY ROBERTSON,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Strike Affidavit Testimony** [#38][1] (the "Motion"). Plaintiff filed a Response [#39] to the Motion. Defendant did not file a reply in further support of the Motion and his time to do so has elapsed. D.C.COLO.LCivR 7.1(d). The Court has reviewed the Motion, the Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#38] is **GRANTED in part** and **DENIED in part**.[2]

## I. Background

Defendant's Motion to Dismiss Pursuant to 12(b)(1), 12(b)(2) and 12(b)(6) and[,] if

---

[1] "[#38]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] This case has been referred to the undersigned for all purposes [#21] pursuant to the Court's Pilot Program and 28 U.S.C. § 636(c), upon consent of the parties [#20].

Necessary, Request for Evidentiary Hearing [#18] (the "Motion to Dismiss") is pending before the Court.  The Court converted the Motion to Dismiss into a Rule 56 motion [#30] and allowed the parties "an opportunity to submit supplemental briefs of not more than 10 pages each, excluding exhibits . . . ."  *Minute Order* [#30] at 2.  Each party submitted additional briefing [##32, 37].  In addition, Plaintiff submitted an extensive appendix of documents [##33, 34, 37-1, 37-2, 37-3, 37-4, 37-5].  One of the additional documents submitted by Plaintiff is the Supplemental Affidavit of Bradley D. Oaster [#37-2] (the "Oaster Affidavit").

In the Motion, Defendant argues that the Oaster Affidavit "contains inadmissible hearsay and conclusory and self-serving statements in an attempt to offer evidence in opposition to the" Motion to Dismiss.  *Motion* [#38] at 1.  As a result, Defendant asks the Court to strike portions of the Oaster Affidavit.  *See generally id.*

In his Response, Plaintiff argues that the Oaster Affidavit "tells the story from Mr. Oaster's perspective of how he discovered information[ ] posted on Defendant's Facebook site and website, leading him to suspect he had claims against Defendant."  *Response* [#39] at 1.  Plaintiff maintains that the challenged statements are "a party-opponent admission and not hearsay."  *Id.* at 2.  With regard to paragraph 14 of the Oaster Affidavit, Plaintiff states that "[t]he evidence is not submitted to prove its truth but submitted to show the circumstances leading Oaster to be concerned and file claims."  *Id.* at 2-3.

## II. Standard

"Although affidavits are entirely proper on summary judgment, the content or substance of the evidence contained therein must be admissible."  *Hansen v. PT Bank Negara Indonesia (Persero)*, 706 F.3d 1244, 1249 (10th Cir. 2013) (citing *Celotex Corp. v.*

2

*Catrett*, 477 U.S. 317, 324, 327 (1986)); *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 485 (10th Cir. 1995)); *see also* Fed. R. Civ. P. 56(c)(4) ("[The affidavit] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Further, "conclusory and self-serving affidavits are not sufficient." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). "Under the personal knowledge standard, an affidavit is inadmissible if 'the witness could not have actually perceived or observed that which he testifies to.'" *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (quoting *United States v. Sinclair*, 109 F.3d 1527, 1536 (10th Cir. 1997)). "When an otherwise inadmissible hearsay statement is made by a party-opponent, however, it may be admitted under Rule 801(d)(2)." *Hansen*, 706 F.3d at 1249. "In order to qualify as an admission by a party-opponent, Plaintiff[ ] must establish that it was made by the party or that the party adopted or authorized it." *Id.* (citing Fed. R. Evid. 801(d)(2)).

### III.  Analysis

Defendant asks the Court to strike statements contained in four paragraphs of the Oaster Affidavit as inadmissible hearsay. The Court addresses each in turn.

**A.     Paragraphs 9 and 10**

Paragraph 9 states that Plaintiff reviewed a Facebook page maintained by Halo Architects and that the "posts included such lies as 'Halo was asked by SWCC to help them plan and facilitate growth of the campus in Indian Wells, Ca.'" *Oaster Aff.* [#37-2] ¶ 9. Plaintiff's Response fails to mention paragraph 9 of the Oaster Affidavit. *See generally Response* [#39]. However, to the extent Plaintiff attempts to argue that any of the challenged statements constitute an exception to hearsay because they are admissions by

Defendant, *id.* at 2 (making this argument as to statements contained in paragraph 11 of his affidavit), as noted above, Plaintiff has the burden of establishing that the challenged statement was made or authorized by the party-opponent. *Hansen*, 706 F.3d at 1249 (Fed. R. Evid. 801(d)(2)).  Plaintiff offers no such argument that Defendant Stanley Robertson, the party opponent in this case, authorized or made the statement on Halo Architects' Facebook page that is included in paragraph 9 of the Oaster Affidavit.  Further, the Oaster Affidavit states that Defendant "began referring to his business as . . . Halo Architects," that "other people were working for or with" Defendant and that Plaintiff "was not in any way made aware of the internal structure" of Halo Architects.   *Oaster Aff.* [#37-2] ¶ 6.  These statements undercut any assumption that Defendant made or authorized the Facebook post.  Accordingly, the Court finds that the following statement in paragraph 9 of the Oaster Affidavit is hearsay and must be stricken: "These posts included such lies as 'Halo was asked by SWCC to help them plan and facilitate growth of the campus in Indian Wells, Ca.'" *Id.* ¶ 9.

Defendant moves to strike all but the first and last sentences of paragraph 10 of the Oaster Affidavit.  Paragraph 10 reads:

> I continued to investigate into November 2014.  I also discovered references to other Harvestime clients including Harvest Family Church in Fayetteville, North Carolina, and Triumph Church in Detroit.  I recalled I had asked Stan about Harvest Family church before we parted ways [ ].  At the time I received no explanation.  Seeing my jobs on Stan's website, I began to wonder if Stan has somehow interfered in the relationships between me and my client churches.  So I continued my investigation.  Among the pictures I saw posted was a photo posted on April 29, 2010 of Halo's sign on my project in Naples, Florida, Center Point Community Church.  I had not seen this before.  In the photo I noticed a website on the bottom of Halo's sign, www.worshipspaces.com.  November of 2014 was the first time I was aware of that worshipspaces website, so I looked into it.

*Oaster Aff.* [#37-2] ¶ 10.

Fed. R. Civ. P. 56(c)(4) requires that an affidavit submitted "to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  This paragraph does not meet this standard.  The previous paragraph refers to Plaintiff viewing Halo Architect's Facebook page on October 31, 2014.  *Oaster Aff.* [#37-2] ¶ 9.  Paragraph 10 provides no information about where Plaintiff allegedly viewed "references to other Harvestime clients."  Plaintiff states that he saw "his jobs on Stan's website," during November 2014, but also refers to a "photo posted on April 29, 2010."  *Id.* ¶ 10.  It is not clear whether Plaintiff is referring to Halo Architect's Facebook page or another unnamed website or both.  This lack of clarity is troubling.  Plaintiff's entire argument regarding paragraph ten is as follows:

> At this early stage the point presented by [the Oaster Affidavit] is that the items described by Oaster existed and caused him to suspect a claim and to investigate further (e.g. See [34], pg. 41, mentioned by Oaster [#7-2], para. 10). These types of circumstantial references and party-opponent admission are typically not hearsay at all.

*Response* [#39] at 2.  Plaintiff offers no legal support for his argument that paragraph 10 contains statements that are admissions of a party-opponent and therefore exceptions to the hearsay rule.  Again, Plaintiff has the burden of establishing that Defendant Stanley Robertson made or authorized the challenged statements.  *Hansen*, 706 F.3d at 1249 (Fed. R. Evid. 801(d)(2)).  Plaintiff's bald assertion in his Response that "[t]he assertions from both sides establish the referenced material was created by Robertson or that Robertson adopted or authorized it," *Response* [#39] at 2, does not meet this burden.

To the extent the third and fourth sentences refer to Plaintiff's attempt to speak to

Defendant, the sentences are vague, but appear to indicate that Defendant simply did not respond to Plaintiff: "I recalled I had asked Stan about Harvest Family church before we parted ways [ ]. At the time I received no explanation." *Oaster Aff.* [#37-2] ¶ 10.  The third sentence is hearsay.  A statement can be hearsay even though it is a paraphrase or summary of Plaintiff's out of court statement. *United States v. Ransfer*, 749 F.3d 914, 925 (11th Cir. 2014) ("Statements can be hearsay 'even though they do not explicitly paraphrase the words of others, [because] the only conceivable explanation for how [the witness] discovered this information is through listening to the statements of others.'" (quoting *United States v. Baker*, 432 F.3d 1189, 1206 (11th Cir. 2005) (modifications in *Ransfer*)); *Munoz v. United States*, No. 07-CV-2080 (ILG), 2008 WL 2942861, at *36 n.38 (E.D.N.Y. July 28, 2008) ("Ms. Hirsch's second-hand paraphrase of her conversation with Mr. Pizzi is clearly hearsay and would need to be supplemented by an affidavit or live testimony from Mr. Pizzi."); *In re Bulk Extruded Graphite Prods. Antitrust Litig.*, Civ. No. 02-6030 (WHW), 2007 WL 1062979 (N.J. April 4, 2007) ("As Plaintiffs point out, the customer statements (and KPMG's paraphrases of customer statements) defendants quote from KPMG's survey are unverifiable hearsay. Such hearsay statements would not be admissible at trial, and so are inadmissible to support motions for summary judgment."). This sentence refers to Plaintiff's extrajudicial statement so it cannot be an admission of a party-opponent and Plaintiff does not argue that this sentence falls within another exception to the hearsay rule.  Accordingly, the sentence must be stricken.

The fourth sentence simply recounts that no response was received to Plaintiff's query, but is completely reliant on the preceding sentence to make sense.  Without the preceding sentence, the fourth sentence provides no information to the reader.  As a result,

the Court finds that the fourth sentence must also be stricken pursuant to Fed. R. Evid. 403 because to include it without the third sentence could lead to confusion.

Because paragraph 10 does not meet the standard set out in Fed. R. Civ. P. 56(c)(4) and, to the extent it refers to content from unauthenticated sources and Plaintiff's side of an extrajudicial conversation that contains a hearsay statement, the Court finds that all of paragraph 10 of the Oaster Affidavit except the first and last sentences must be stricken.[3]

## B.     Paragraph 11

Defendant moves to strike the following language from paragraph 11 of the Oaster Affidavit:

> What I found at www.worhshipspaces.com was shocking to me.  Stan was selling my copyrighted designs, work which pre-existed any relationship with him, to anybody that would pay him.  These were seminal schematic designs that Stan had absolutely nothing to do with.  I immediately called the architect I worked with to design those plans, Pat Morgan, and asked him if he had ever seen www.worshipspaces.com.  He had not.

*Oaster Aff.* [#37-2] ¶ 11.  Defendant argues that the first three sentences are hearsay because they rely on a third-party website.  *Motion* [#38] at 2-3.  With regard to the conversation with Pat Morgan, Defendant argues that this conversation is hearsay pursuant to Fed. R. Evid. 801.  *Id.* at 4.  Plaintiff's argument regarding paragraph 11 is:

> [Plaintiff] discovered some information which he believes bolstered his suspicion from Defendant's documents produced in disclosure in this case, documents to which Defendant was a party and adopted a position (See [#7-2], para. 11).  The assertions from both sides establish the referenced material was created by Robertson or that Robertson adopted or authorized

---

[3] The Court further notes that opaque statements about what Plaintiff viewed on certain unspecified websites "should be closely scrutinized for reliability." *Bobak Sausage Co. v. A & J Seven Bridges, Inc.*, 805 F.Supp.2d 503, 520 (N.D. Ill. Mar. 28, 2011); *see also United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) ("[A]ny evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretations of the hearsay exception rules").

it . . . . It would be a party-opponent and not hearsay."

*Response* [#39] at 2.

Again, Plaintiff seems to misunderstand what hearsay is and who has the burden of establishing this exception to the hearsay rule. Fed. R. Evid. 801(c) makes clear that hearsay is a statement "that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Thus, to the extent paragraph 11 of the Oaster Affidavit discusses a conversation Plaintiff had with Pat Morgan outside of the courtroom that is offered for the truth of the matter asserted (what the individuals said), it is hearsay. Plaintiff does not argue that his conversation with Pat Morgan falls within an exception to hearsay as delineated in Fed. R. Evid. 801(d). Accordingly, the Court finds that the last two sentences of paragraph 11 of the Oaster Affidavit are hearsay and must be stricken.

With regard to the first sentence of paragraph 11: "What I found at www.worhshipspaces.com was shocking to me," the Court does not find this to be hearsay. This is Plaintiff's statement of his perception of a website. It does not discuss the content of the website.

The remainder of the challenged language in paragraph 11 is:

> Stan was selling my copyrighted designs, work which pre-existed any relationship with him, to anybody that would pay him. These were seminal schematic designs that Stan had absolutely nothing to do with.

*Oaster Aff.* [#37-2] ¶ 11. Defendant takes the position that reliance on content from a website makes these sentences hearsay. *Motion* [#38] at 3. While there is caselaw to support the idea that statements taken from a website are hearsay statements, these sentences reflect Plaintiff's conclusions based on information he saw on a website. The

first sentence reflects Plaintiff's conclusion that Defendant "was selling [Plaintiff's] copyrighted designs." This sentence reflects Plaintiff's perception based on his personal knowledge of his designs and his observations. The next sentence reflects Plaintiff's personal opinion or knowledge and does not offer any extrajudicial statement. Both of these statements appear to be proper lay opinion testimony under Fed. R. Evid. 701. *See* Fed. R. Evid. 701; *Gossett v. Okla. ex rel. Bd. of Regents for Langston University*, 245 F.3d 1172, 1179 (10th Cir. 2001) ("[T]he testimony of a lay witness 'in the form of opinions or inferences' is admissible if those opinions or inferences 'are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.'" (quoting Fed. R. Evid. 701)). While Defendant may offer his own testimony or other evidence regarding Plaintiff's perception or stated opinions, the Court cannot conclude that these sentences are hearsay as argued by Defendant.

**C.     Paragraph 14**

Defendant moves to strike three sentences from paragraph 14 of the Oaster Affidavit. First, Defendant challenges the following:

> In the fall of 2014, I interviewed with and showed numerous floor plans to New Life Church in Siloam Springs, Arkansas. As often I do, I suggested they could save substantial time and money by considering a plan already built and proven for another church then making cost effective modifications to adapt it to their needs.

*Oaster Aff.* [#37-2] ¶ 14. It is unclear why the first sentence is challenged by Defendant. The sentence contains facts based on Plaintiff's personal experience and does not include any out of court statements. Defendant challenges the second sentence as hearsay. A statement can be hearsay even though it is a paraphrase or summary of Plaintiff's out of court statement. *Ransfer*, 749 F.3d at 925 ("Statements can be hearsay 'even though they

do not explicitly paraphrase the words of others, [because] the only conceivable explanation for how [the witness] discovered this information is through listening to the statements of others.'" (quoting *Baker*, 432 F.3d at 1206 (modifications in *Ransfer*)); *Munoz*, 2008 WL 2942861 at *36 n.38 ("Ms. Hirsch's second-hand paraphrase of her conversation with Mr. Pizzi is clearly hearsay and would need to be supplemented by an affidavit or live testimony from Mr. Pizzi."); *In re Bulk Extruded Graphite Prods. Antitrust Litig.*, 2007 WL 1062979 ("As Plaintiffs point out, the customer statements (and KPMG's paraphrases of customer statements) defendants quote from KPMG's survey are unverifiable hearsay. Such hearsay statements would not be admissible at trial, and so are inadmissible to support motions for summary judgment.").  Plaintiff does not directly address these challenged sentences.  However, to the extent he intends to argue that this sentence is an admission of a party-opponent, *Response* [#39] at 2, that exception does not apply because the referenced conversation is between Plaintiff and a third-party.  As a result, the Court concludes that this sentence must be stricken as hearsay.

Finally, Defendant argues that the following sentence is hearsay: "I was told Stan reported that my reuse option was a hoax, similar to the discussion I earlier reported in [an earlier filing]." *Oaster Aff.* [#37-2] ¶ 14.  Defendant argues that the unidentified party who allegedly "told" Plaintiff this cannot be Defendant and, therefore, the sentence is not an admission by a party opponent and is therefore hearsay.  *Motion* [#38] at 3-4.  Plaintiff argues that this sentence is not hearsay because it "is not submitted to prove its truth but submitted to show the circumstances leading Oaster to be concerned and file claims."[4]

---

[4] The Court notes that Plaintiff fails to explain why the circumstances which allegedly caused Plaintiff concern, the fact of Plaintiff's alleged concern and Plaintiff's subsequent filing of

*Response* [#39] at 2-3. Plaintiff further argues that, if the sentence is hearsay, "it would be within the exception for reputation or character among associates or in the community." *Id.* at 3. Plaintiff fails to cite to any rule or case to support either argument. With regard to Plaintiff's argument that this sentence is not offered for the truth but instead offered to show why Plaintiff filed the lawsuit, Plaintiff's reason for filing the lawsuit is not relevant to any fact in dispute, and his filing of the lawsuit is self-evident. The hearsay "exception for reputation or character" to which Plaintiff refers is set forth in Fed. R. Evid. 803(21). In general, the rule defines as not hearsay "reputation evidence as a means of proving human character." Fed. R. Evid. 803(21) advisory committee's note to 1972 amendment. Plaintiff makes no argument as to how this statement reflects his reputation or proves his character, and the Court is not inclined to make the argument for him. *See Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009) ("It is not our role to sift through the record to find evidence not cited by the parties to support arguments they have not made."); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("[D]istrict courts . . . have a limited and neutral role in the adversarial process, and [ought to be] wary of becoming advocates who comb the record . . . and make a party's case for it."); *cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). For these reasons, the Court finds this sentence to be hearsay and strikes it from the Oaster Affidavit.

---

claims are <u>relevant</u> to the issues in dispute. Not only are these matters self-evident, but they do not tend to make any fact that is of consequence in determining the action more or less probable. *See* Fed. R. Evid. 401.

## IV.  Conclusion

Accordingly, for the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#38] is **GRANTED in part** and **DENIED in part** as discussed above.

Dated:  January 11, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge